Strafford,
No. 5225.

MATHEW J. BRENNAN, *Ex'r*

*v.*

HELEN M. TIMMINS.

Argued May 5, 1964.
Decided July 17, 1964.

*Burns, Bryant & Hinchey (Mr. Donald R. Bryant* orally), for the plaintiff.

*Beamis & Davis (Mr. John F. Beamis* orally), for the defendant.

LAMPRON, J.  The account involved was established by Alice F. Hughes July 8, 1955, and was made joint with Helen M. Timmins on October 11, 1955.  All monies therein at the death of Alice, July 8, 1956, had been contributed by her.  Helen had possession of the bank book at the time of Alice's death and for

some time prior thereto. When Helen refused to give up the book at her request, Alice attached the account on May 4, 1956, then again on June 25, 1956. Under date of May 4, 1956, Alice executed a withdrawal order for the whole account which was filed with the Strafford Savings Bank, holder of the deposit.

The agreed statement of facts in *Brennan* v. *Timmins*, 104 N. H. 384, which can be referred to for other details, sets out the claims of the parties on the transfer of questions of law arising from the agreed facts to be as follows:

"The basis on which the plaintiff claims the account is that the account was the property of Alice F. Hughes during her lifetime, and that during that lifetime she revoked the joint tenancy nature of the bank account, so that on her death it became a part of her estate."

"The defendant claims that the bank account remained in joint tenancy despite the efforts of Alice F. Hughes to terminate the joint tenancy, and that on the death of Alice F. Hughes it became the property of Helen M. Timmins by virtue of RSA 384: 28-31."

On remand, when ruling on plaintiff's motion for judgment, the Trial Court stated that the case was originally submitted "on defendant's definite and unequivocal assertion that reliance was had on the statute [RSA 384:28, 31] and no issues of fact were in controversy . . . The sole questions at issue were centered on whether or not, as a matter of law, the actions of Alice in bringing suit operated to sever the joint account and whether or not the holding of the account until her death automatically passed the account to Helen."

In ruling on the issues raised by the agreed statement of facts of the parties (which agreement is still in effect), this court held that by virtue of RSA 384:28 Helen Timmins as the surviving joint tenant was entitled to the balance in the account unless "it is found that the defendant Helen's refusal to give up the account book on demand of Alice was without right or justification, so as to constitute wrongful or inequitable conduct upon the part of Helen, and that but for this conduct Alice could and would have withdrawn the entire account, and thereafter would have been entitled to the beneficial enjoyment of its proceeds." *Brennan* v. *Timmins*, 104 N. H. 384, 390.

The majority of this court further stated therein that "the agreed facts shed no light on the question of whether Alice, had

she succeeded in her attempt to collect the account, would have been entitled as against the defendant to the beneficial use and enjoyment of the proceeds of the account after withdrawal, free from any right or interest of the defendant." *Id.*, 390. The opinion concluded by declaring that the burden is on the plaintiff to prove that "Alice was entitled during her lifetime to withdraw and collect the account and to appropriate the proceeds to her own use and would have done so but for the wrongful or inequitable conduct on the part of Helen in withholding the passbook." *Id.*, 391.

In other words, this court decided that, as contended by the defendant, by virtue of RSA 384:28 the account standing "in the names of two persons [Alice and Helen] payable to either of such persons, and payable to the survivor of them, the said account . . . upon the death of either of said persons . . . [became] the property of and [shall] be paid in accordance with its terms to the survivor." However, the representative of the deceased joint tenant Alice would be entitled to the funds if he proved that the account would not have been so "maintained" at Alice's decease but for the wrongful or inequitable conduct of the survivor Helen which prevented the deceased from appropriating the funds to her own use, and that, had she succeeded in her attempt to collect the account, Alice would have been entitled as against Helen to the beneficial use and enjoyment of the proceeds free from any right or interest of Helen. *Brennan* v. *Timmins*, 104 N. H. 384, 390.

A majority of the Court reiterates now what it stated unequivocally in the prior opinion that the agreed facts "shed no light" (*Id.*, 390) on the above issues, which the plaintiff must prove to entitle him to a judgment. Presently there is no evidence in the record establishing these issues in favor of the plaintiff. Defendant has a right to present testimony on these matters before they are determined. *MacNeil* v. *Lathe*, 102 N. H. 439, 443. Consequently we rule as a matter of law that it was error for the Trial Court to grant plaintiff's motion for judgment. *Bull* v. *Gowing*, 85 N. H. 483, 486; *Phillips Exeter Academy* v. *Gleason*, 103 N. H. 197, 201.

*Exception sustained.*

BLANDIN, J., dissented; the others concurred.

BLANDIN, J., *dissenting:* This case first came to this court upon an agreed statement of facts. *Brennan* v. *Timmins*, 104 N. H. 384. It was then briefed and argued by both parties upon the premise that *all* the facts were agreed upon. The sole question presented to our court was one of law, namely whether the defendant's mere possession of the bank book at Alice's death vested ownership in the defendant, ipso facto by virtue of RSA 384:28-31. There was no suggestion in the briefs or arguments at that time that all facts were not agreed upon. It was not until the first majority opinion misinterpreted the record to hold that the decisive questions of fact had not been agreed upon that the defendant took up this issue.

The majority of the court, upon the original transfer and in its present opinion, agrees that wrongful possession of the bank book does not vest ownership in the defendant under RSA 384:28-31.

The majority, upon both the original transfer and its present decision, rests its opinion entirely upon the erroneous assumption that the vital questions of fact upon which the case wholly depends have been ignored by counsel and the Trial Court. The present opinion reiterates that "there is no evidence in the record establishing these issues in favor of the plaintiff." Proceeding upon this ill-founded assumption, the majority now compounds its original error by again dispatching this case upon its wearisome, costly and what I believe to be totally unnecessary journey back to the Trial Justice who originally heard it.

The first majority opinion held that if the defendant Helen's refusal to give up the bank book upon Alice's demand was "wrongful" and but for this Alice could have withdrawn the account and used the proceeds, then there should be judgment for the plaintiff (*Brennan* v. *Timmins, supra*, 390). It added that the record shed no light upon whether these decisive facts had been agreed upon. In short, the majority treated them as ignored by counsel and Trial Court before the first transfer.

An examination of the record in its entirety clearly demonstrates that this is not so. The declaration in the writ, beginning this action, brought by Alice to establish her sole ownership to the fund, alleged that "In a plea for that the defendant is indebted to the plaintiff in that she is wrongfully withholding from the plaintiff Bank Book No. A73959 of Strafford Savings

Bank, standing in the name of the plaintiff and the defendant jointly, but the proceeds of which bank account are wholly the property of the plaintiff, all to the damage of the plaintiff, as she says, in the sum of $15,000.00."

It thus appears that the basic issues of fact upon which the entire case hinged and which the majority opinion says were not considered by anyone prior to the first transfer, were squarely presented to everyone then concerned before this transfer, including counsel and the Trial Court.

The majority opinion, as previously stated, upon the first transfer remanded the case to the Trial Court, and it did so with explicit instructions that if he found the defendant wrongfully withheld the bank book from Alice, who had a right to withdraw and use the proceeds of the deposit, there should be judgment for the plaintiff. In compliance with the mandate and instructions of the majority, which the Trial Court read and observed, as he stated in his ruling granting the plaintiff's motion for judgment, he held another hearing and granted the motion for judgment. Although not requested to do so, he found certain facts, none of which are inconsistent with his final conclusion.

In view of the isolated portions of his findings seized upon by the majority opinion to support its present result, I believe it essential to quote them in toto as set forth in the Court's ruling on the plaintiff's motion for judgment: "This matter was submitted to this Court on defendant's definite and unequivocal assertion that reliance was had on the statute and no issues of fact were in controversy. Counsel for plaintiff was reluctant to submit on an agreed statement, and would have gone to trial had any issue of fact as to the ownership or rights of Helen Timmins been raised. The sole questions at issue were centered on whether or not, as a matter of law, the actions of Alice in bringing suit operated to sever the joint account and whether or not the holding of the account until her death automatically passed the account to Helen. Defendant's brief and requests filed in this Court so state. In view of the opinion of the Supreme Court, it is found that Helen Timmins never claimed ownership in the fund and never claimed that Alice had no right to withdraw the fund during her lifetime. Motion is granted. J. H. Leahy, P.J."

Upon considering these, it will be noted that the majority opinion utterly ignores the unqualified and unequivocal finding

that when the case first came before us "no issues of fact were in controversy." Continuing this procedure, it also ignores our established and hitherto unquestioned rule that the Trial Court's general finding embodied in his order of judgment for the plaintiff, included all the special findings necessary to sustain it. *York* v. *Misiak*, 95 N. H. 437. *N. H. Savings Bank* v. *Bank*, 93 N. H. 326, 328. Furthermore, instead of applying our equally settled rule that "all the presumptions are in favor of the judgment of the Trial Court" (*Chabot* v. *Shiner*, 95 N. H. 252, 255), that he observed the elementary rules of law (*Chabot* v. *Shiner, supra*, 255), and that if any valid reason can be found to uphold the Trial Court he will be sustained (*Hall* v. *Insurance Co.*, 91 N. H. 6, 14), the majority establishes directly contrary rules.

In short, I believe that the majority refuses recognition of both facts and established law in reaching its present conclusion. It seems incredible to me to say that the Trial Court's decision is without support in the record. In accordance with this conviction, I would affirm the Trial Court's order granting judgment for the plaintiff.

In lieu of this, there is nothing in the majority opinion to prevent the plaintiff from petitioning the Trial Court to spell out his findings, already made, and to amend the agreed facts to express the true agreement and intent of the parties. *Phillips Exeter Academy* v. *Gleason*, 103 N. H. 197, 201; *Vallee* v. *Company*, 89 N. H. 285.